UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>REAL PROPERTY AND IMPROVEMENTS LOCATED AT 929 CLAY STREET, UNIT #7, SAN FRANCISCO, CA,<br><br>  Defendant. | Case No. 15-cv-00010-JD<br><br>**ORDER GRANTING DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 28 |

In this *in rem* forfeiture action, the United States of America moves for default judgment against defendant real property located at 929 Clay Street, Unit #7 in San Francisco, CA pursuant to 21 U.S.C. § 881(a)(7). The government's motion follows a settlement agreement reached on April 3, 2015 with claimant Dr. Richard Poon, who will receive 50% of the net proceeds of the sale of the property. No one has opposed the motion. The Court finds that the motion is appropriate for decision without oral argument pursuant to Civil Local Rule 7-1(b) and grants the motion.

## BACKGROUND

Beginning in 2006, and continuing until his arrest on September 24, 2013, Dr. Collin Leong sold prescriptions for the narcotic medications oxycodone and hydrocodone to people who were not his patients. Dkt. No. 1 ¶ 9. He sold these prescriptions without medical justification, without examining the people who purchased them and often "under multiple names for a single person." *Id.* When pharmacies called his office about the prescriptions, Dr. Leong would verify them. *Id.* Dr. Leong did all of this from his medical office at 929 Clay Street, Unit #7 in San Francisco, CA, the defendant property in this case. *Id.* ¶ 10. Mabel Leong, Dr. Leong's wife,

participated in the scheme. *Id.* ¶¶ 10, 11. She received the cash payments for the prescriptions and helped launder the cash through various bank accounts. *Id.* ¶ 11.

On September 23, 2013, the United States filed a criminal complaint against Dr. Leong charging him with possession with intent to distribute a controlled substance and conspiracy to possess a controlled substance with intent to distribute. Dkt. No. 1 ¶ 9. On April 8, 2015, a criminal complaint was also filed against Mabel Leong charging her with money laundering. Dkt. No. 24 at 2.

This *in rem* forfeiture action was filed on January 2, 2015. Dkt. No. 1. In a verified complaint, the government alleged that the defendant property is subject to forfeiture under 21 U.S.C. § 881(a)(7) as property used or intended to be used to commit or facilitate the commission of the distribution of oxycodone and hydrocodone. *Id.* ¶ 21. Two potential claimants of the defendant property have been identified by the government: Dr. Richard Poon and Mabel Leong, who each have a 50% undivided interest in the property. The government has entered into a settlement agreement with Dr. Poon through his counsel, William Taylor. Dkt. No. 18. Dr. Poon has consented to the forfeiture and sale of the property, and will receive one half of the net proceeds of the sale, contingent on the Court's entry of a final judgment of forfeiture. *Id.*

Following the settlement, on April 7, 2015, after all deadlines to file a verified claim in this action had expired, the government moved for a Clerk's entry of default, which was entered on April 10, 2015. Dkt. Nos. 21, 23. The government now moves for entry of default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure and Rule 6-1 and 6-2 of the Admiralty & Maritime Local Rules. The deadline to file an opposition was May 1, 2015; no one has opposed the motion.

## DISCUSSION

Property subject to civil forfeiture may be seized and forfeited under the Federal Rules of Civil Procedure Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions ("FRCP Supp.") and this district's Admiralty & Maritime Local Rules. *United States v. Real Prop.*, 135 F.3d 1312, 1315 (9th Cir. 1998); Admir. L.R. 1-2. In deciding the motion, the

1   Court considers these procedural rules as well as the factors under *Eitel v. McCool*, 782 F.2d 1470,
2   1471–72 (9th Cir. 1986).

## I. PROCEDURAL RULES FOR CIVIL FORFEITURE

All real property used to commit or facilitate the commission of a crime under 21 U.S.C. § 841(a) (possession with intent to distribute a controlled substance) or 21 U.S.C. § 856 (maintaining drug-involved premises) shall be subject to forfeiture to the United States in compliance with 18 U.S.C. § 981(b). 21 U.S.C. §§ 881(a)(7), (b). Under section 981, when the United States seeks to seize real property, Congress has dispensed with the customary need for the issuance and service of an arrest warrant *in rem.* 18 U.S.C. §§ 981(b)(1), (c)(3). Instead, the government may initiate a civil forfeiture by filing a complaint for forfeiture, posting a notice of the complaint on the property and serving notice on the property owner, along with a copy of the complaint. 18 U.S.C. § 985(c)(1). The government's complaint must be verified, state the grounds for jurisdiction and venue, describe the property being forfeited with reasonable particularity, identify the statute under which the forfeiture action is brought, and include enough factual detail to support a reasonable belief that the government will be able to meet is burden of proof at trial. FRCP Supp. G(2).

Here, the United States has satisfied each of these requirements. It filed a verified complaint for forfeiture on January 2, 2015 (Dkt. No. 1); posted a notice of the complaint and the forfeiture action on the property on February 6, 2015 (Dkt. No. 16); and sent the notice of forfeiture and complaint for forfeiture via certified and regular U.S. mail on January 7, 2015 to the property's owners, Dr. Richard Poon and Mabel Leong (Dkt. No. 5). The complaint set forth sufficient facts as to the grounds for jurisdiction and venue, a description of the property being forfeited (including the parcel number), and the federal statutes under which the forfeiture action was brought. Dkt. No. 1. The facts alleged in the verified complaint support a reasonable belief that the Government will meet its burden of proof at trial. *Id.*

Civil forfeiture actions *in rem* are also governed by the Northern District's Admiralty & Maritime Local Rules. *See* Admir. L.R. 1-2. Admiralty Local Rule 6-2 provides that default judgment in an *in rem* action may be entered under Federal Rule of Civil Procedure 55(b) any time

3

after default has been entered. Default was entered in this case on April 10, 2015. Dkt. No. 23. Under Admiralty Local Rule 6-2(a), default will be entered upon a showing that notice has been given as required by Admiralty Local Rule 6-1 and that no one has filed a timely responsive pleading under FRCP Supp. G(5).[1] Local Rule 6-1 requires the party seeking default to show compliance with FRCP Supp. G(3) and G(4).

Under FRCP Supp. G(3), if the defendant is real property, the government must proceed under 18 U.S.C. § 985. As discussed, the government has complied with the requirements of that section. Under FRCP Supp. G(4), the government must provide notice by publication and notice to known potential claimants. The government has satisfied both of these requirements as well. It published a notice of the present action on an official government forfeiture website (www.forfeiture.gov) for 30 consecutive days beginning on February 2, 2015, within a reasonable time after filing the January 6, 2015 complaint. Dkt. No. 17. The notice described the property with reasonable particularity, stated the time to file a claim and to answer and named the government attorney to be served with the claim and answer. *Id.* The government also mailed the required documents to the last known addresses of each of the parties that it determined to be potentially interested in this action. Notice was sent by certified and first class mail on January 7, 2015 to the property's owners, Dr. Richard Poon and Mabel Leong, as well as Ms. Leong's husband Dr. Collin Leong, Ms. Leong's attorney Garrick Lew, and Camilla Lee Leong, presumably Collin and Mabel Leong's relative. Dkt. No. 5.

Under FRCP Supp. G(5)(a)(i), any person who has an interest in the property may contest the forfeiture by filing a claim identifying his or her interest in the property. Potential claimants who were sent direct notice needed to file a claim no later than thirty-five days after the notice was sent, which made February 11, 2015 the deadline in this case. FRCP Supp. G(5)(a)(ii)(A). Potential claimants who were not sent direct notice were required to file a claim by April 3, 2015, sixty days after the notice was first published on an official government website. FRCP Supp. G(5)(a)(ii)(B). After a claim is made, the claimant must file an answer no later than twenty-one

---

[1] Because this action arises under a federal statute, and is therefore subject to FRCP Supp. G, Admiralty & Maritime Local Rule 6-2(a), and not Rule 6-2(b), applies in this case.

days after filing the claim. FRCP Supp. G(5)(b). Although Dr. Poon missed the deadline to file a claim, the government agreed to treat the settlement agreement as his timely verified claim and answer. Dr. Poon does not contest the forfeiture and will receive 50% of the net proceeds from the property's sale. As of the date of this order, no other claims or answers have been filed. Accordingly, the requirements of FRCP G(5), and all other procedural requirements, have been met.

## II.     THE *EITEL* FACTORS

Federal Rule of Civil Procedure 55(b)(2) permits a court, following an entry of default, to enter default judgment against a defendant. "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Our court of appeals requires a district court to consider several factors in exercising its discretion to award default judgment including:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). After entry of default, well-pled allegations in the complaint regarding liability are taken as true, except as to the amount of damages. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

Overall, the factual allegations in the government's verified complaint and the discharge of all the applicable procedural requirements show that the *Eitel* factors weigh in favor of default judgment. A denial of default judgment would prejudice the government in that it would be required to expend further time and effort in an action where no claimants (other than Dr. Poon) have appeared. Without a default judgment, the government may be without recourse altogether. The government's claims have substantive merit, and all procedural requirements and safeguards have been met. While the property represents a significant asset, its forfeiture is warranted pursuant to federal statute, and there has been no dispute raised as to any material fact. One of the two known potential claimants has already settled with the government, and there is no evidence

that excusable neglect is the reason no other claim or answer has been filed.  While it is preferable to decide a case on the merits, when there is no opposing party a decision on the merits is an impractical task.

## CONCLUSION

The motion for default judgment is granted.  The property at 929 Clay Street, Unit #7, San Francisco, CA is condemned and forfeited to the United States pursuant to 21 U.S.C. § 881(a)(7).  All right, title and interest in the property is vested in the United States of America.  Judgment shall be entered accordingly, and the case closed.

**IT IS SO ORDERED.**

Dated: June 5, 2015

_____
JAMES DONATO
United States District Judge